## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SABRINA SIMS                                     )
9803 Hammer Lane                                 )
Upper Marlboro, MD 20772                         )
                                                 )
            Plaintiff,                           )
                                                 )
       v.                                        )       Civil Action No.:_____
                                                 )
DISTRICT OF COLUMBIA                             )
(A Municipal Corporation)                        )       JURY DEMANDED
441 Fourth Street, N.W.                          )
Washington, DC 20001                             )
                                                 )
            Defendant.                           )
                                                 )
Serve:  Honorable Vincent C. Gray,               )
        Mayor of the District of Columbia        )
        c/o Tabitha Braxton, Staff Assistant     )
            Gladys Herring, Executive Assistant  )
            Designated Representative            )
        Executive Office of the Mayor            )
        1350 Pennsylvania Avenue, N.W., Suite 316)
        Washington, DC 20004                     )
                                                 )
Serve:  Irvin B. Nathan, Attorney General for DC )
        Office of the Attorney General for DC    )
        c/o Darlene Fields, Secretary            )
            Tonia Robinson, Legal Assistant      )
            Gale Rivers, Secretary               )
            Designated Representative            )
        441 Fourth Street, N.W.                  )
        Washington, DC 20001                     )
_____)

## COMPLAINT

**COMES NOW** the Plaintiff Sabrina Sims, by and through her undersigned counsel, and

sues Defendant District of Columbia for the cause of action stated as follows:

**PARTIES**

1.      Plaintiff Sabrina Sims ("Plaintiff" or "Ms. Sims") is an employee of the District of Columbia Metropolitan Police Department.   She resides at 903 Hammer Lane, Upper Marlboro, MD 20772.  Ms. Sims is a United States citizen.

2.      Defendant District of Columbia ("Defendant") is a governmental organization and municipal corporation.  The District of Columbia Metropolitan Police Department ("DCMPD" or "Department") is a subordinate agency of the District of Columbia government.  Defendant is headquartered at 441 Fourth Street, N.W., Washington, DC 20001.

**JURISDICTION**

3.      This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as it asserts a claim that arises under the Constitution, laws or treaties of the United States, specifically Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and 42 U.S.C. § 1981a.  It further has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as it asserts claims that arise under the District of Columbia Human Rights Act, D.C. Code § 2-1401.01, *et seq.* ("DCHRA").

4.      This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1343.

**VENUE**

5.      Venue is proper in the District of Columbia under 28 U.S.C. § 1331 and 29 U.S.C. § 1402 because a substantial part of the acts and omissions that give rise to this Complaint occurred in the within the District of Columbia.

6.      Venue is further proper because Defendant has its principal office in the District of Columbia.

## EXHAUSTION OF REMEDIES

7.      Plaintiff has exhausted all of her administrative remedies.

8.      Plaintiff timely contacted the United States Equal Employment Opportunity Commission ("EEOC") and the District of Columbia Office of Human Rights ("OHR") and cross-filed a Complaint against the Department alleging discrimination based on gender, retaliation and a hostile work environment.

9.      Plaintiff timely files this action in accordance with the United States Department of Justice Notice of Right to Sue, dated January 25, 2012, which provided Plaintiff the right to file this Complaint within 90 days of receipt of the Notice.

10.     Plaintiff hereby time files this action within 90 days after receipt of that notice and brings this action for discrimination on the basis of gender (Female), retaliation (prior protected activity) and hostile work environment (gender and retaliation).

## FACTS

11.     Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein.

12.     Plaintiff is a female Sergeant with the DCMPD.

13.     Beginning in January 2010, Plaintiff has been involuntarily detailed to undesirable assignments, which her male coworkers are not detailed to, and subjected to adverse and harassing treatment.

14.     It is the policy and/or practice of the DCMPD to rotate all of the Sergeants in these units to assignment details.

15.     On or about April 2010, Plaintiff was involuntarily assigned to the Presidential Summit detail for the second time over her request to return to her regular tour of duty.  Her first

assignment was in November 2009, and she was assigned to the Presidential Summit detail after it was initially assigned to a male Sergeant.

16.     On or about June 2010, Plaintiff was involuntarily directed to work three consecutive weeks of the midnight tour of duty, which no other similarly situated male coworker has been directed to work, in violation of the Department's usual practice.

17.     On or about February 2010, a desirable detail to the Bundy School CAC was created; however, Plaintiff was overlooked for this detail in favor a similarly situated male Sergeant.  In response to her inquiry as to why she was overlooked, Plaintiff was informed that the Commander "picked who she wanted" even though the detail was to be a six-month rotation through the unit where Plaintiff worked.

18.     When Plaintiff was eventually assigned to the Bundy School CAC detail, she was required to work the midnight shift, which the previous male Sergeant was not required to work. His tour of duty was from either 7:00 am to 3:00 pm or 10:00 am to 6:00 pm.

19.     In October 2010, the Commander ordered Plaintiff's Lieutenant to issue her an undeserved Work Performance Plan over her Lieutenant's objections.  Prior to being issued the Work Performance Plan, Plaintiff was never told of any issue with her work performance either verbally or in writing.

20.     Similarly situated male Sergeants who had document performance issues were not placed on Work Performance Plans or recommended to be placed on Work Performance Plans.

21.     A month after the Commander ordered the issuance of the Work Performance Plan, the Commander questioned Plaintiff's positive performance evaluation and insisted the Work Performance Plan be included in Plaintiff's 2010 Performance Evaluation.

22.    In November 2010, Plaintiff was singled out and intimidated by her Commander during the questioning of another individual's EEO Complaint.  For example, Plaintiff was not allowed to think about and write out her answers to pre-prepared questions as were he similarly situated coworkers; she was questioned about her own EEO Complaint; and she was asked probing questions that were not pertinent to her co-worker's EEO Complaint.

23.    Even after the EEO Counselor sustained Plaintiff's claim of retaliation, no remedial action was taken.  Indeed, Plaintiff was forced to continue to work under her harasser, despite her requests to move.

24.    DCMPD's inequitable and gender based acts at issue in this Complaint constitute a series of acts that are severe or pervasive and alter the conditions of the workplace for Plaintiff, a female police officer, which is both objectively and subjectively harmful.

25.    DCMPD acts of gender disparate treatment were customary and pervasive at all levels and for all degrees of offenses.

26.    Plaintiff has been repeatedly and continually subjected to a hostile work environment.

## CAUSES OF ACTION

### Count I
### Gender Discrimination/Hostile Work Environment

27.    Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein.

28.    As a female, Plaintiff is a member of a protected class.

29.    Defendants have intentionally discriminated against Plaintiff by treating her differently from, and less favorably than, similarly situated males by subjecting her to the aforementioned unlawful conduct because of her gender.

30.   Plaintiff performed well and met all of Defendant's legitimate expectations.

31.   Defendant's failure to comply with Title VII and the DCHRA was willful and without justification.

32.   Defendants knew, or should have known, or showed reckless disregard for, the fact that their conduct was in violation of Title VII and the DCHRA.

33.   Because of the continuous and persistent nature of Defendants' discriminatory conduct, throughout the employment of Plaintiff, the continuing violation doctrine applies to all of the violations alleged herein.

34.   Defendants' conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of her gender (female).

35.   Defendants are directly liable for the discriminatory acts or omissions of their agents, servants and employees while acting within the course and scope of their employment, under the theory of *Respondeat Superior*.

36.   As a direct and proximate cause of Defendants' conduct alleged in this Complaint, Plaintiff suffered and continues for suffer from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, expenses and costs – and is entitled to all available legal and equitable remedies.

37.   Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature.  Defendants' treatment and actions were ongoing.

38.     Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

39.     Similarly situated officers were not subjected to same, if any, adverse or hostile treatment.

40.     Defendant's aforementioned unlawful conduct negatively impacted the terms and conditions of Plaintiff's employment.

41.     Any reason proffered for Defendant's unlawful conduct would not be legitimate, and it would be pretext.

42.     Defendant and all of the supervisors at issue herein knew that Plaintiff was a female prior to assigning her to work an undesirable assignments and shifts, not advising her of available training opportunities, unjustly reprimanding her, and unfairly scrutinizing her deserved performance and attempting to get her rating lowered.

43.     Plaintiff has been treated differently and subjected to different terms and conditions of her employment due to her gender (Female).

44.     Defendant has limited, segregated and classified Plaintiff in a way that deprives her of employment opportunities and otherwise adversely affects her status as an employee because of her gender.

45.     Other employees who were similarly situated, but members of a different protected class than Plaintiff, have been treated more favorably than Plaintiff in the terms and conditions of employment.

46.     Plaintiff believes that she has been unjustly disciplined, generally targeted and subjected to a hostile work environment which her similarly situated coworkers were not subjected to.

47.     Defendant intentionally discriminated against Plaintiff because of her gender.

48.     Plaintiff's gender was the factor and/or basis for Defendant's aforementioned unlawful conduct.

49.     Plaintiff's gender was one factor and/or basis for Defendant's aforementioned unlawful conduct.

50.     As a result of Plaintiff's gender, Plaintiff's superior officers routinely humiliated Plaintiff by their adverse treatment and engaged in a persistent pattern of severe or pervasive harassment set forth herein, which created a hostile and offensive workplace.

51.     Defendant's aforementioned unlawful conduct was unwelcomed by Plaintiff.

52.     Defendant is directly liable for the discriminatory acts or omissions of its agents, servants and employees while acting within the course and scope of their employment, under the theory of *Respondeat Superior*.

53.     Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering and the treatment was ongoing based upon Defendant's actions.

54.     Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, all without any negligence being attributed to Plaintiff.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court:

a.     Award compensatory damages in excess of Two Hundred Thousand Dollars ($200,000.00);

b.   Damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct including for loss of promotional potential, reputation, lost of wages, lost job benefits he would have received but for Defendant's unlawful conduct;

c.   Award reasonable attorney fees, costs and expenses incurred for this action;

d.   Declaratory and injunctive relief;

e.   Order the Defendant to institute a policy and procedure to be implemented against discrimination;

f.   Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

g.   Supervisory training for the supervisors at issue herein; and

h.   Such other and further relief as this Court deems just and proper.

## Count II
### Retaliation/Hostile Work Environment

55.     Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein.

56.     Plaintiff complained to her supervisors of the unlawful, hostile and discriminatory and retaliatory treatment that she was being subjected to and that other female officers were being subjected to.

57.     Since April 2010, Plaintiff made several Complaints of disparate treatment and discrimination to her Commander about the treatment among male and female assignments of details.

58.     In September 2010, since Plaintiff's repeated Complaints to her Commander were not resolved and no action was taken to resolve them, Plaintiff filed an EEO Complaint, which

named her Commander. After an investigation of Plaintiff's claims, the EEO Counselor concluded that Plaintiff was being retaliated against.

59.     Shortly after filing her EEO Complaint, Plaintiff's Commander began to treat Plaintiff differently from her similarly situated Sergeants and from how she was treated prior to complaining about the disparate treatment and discrimination. Specifically, the Commander's treatment became even more hostile after Plaintiff filed her EEO Complaint.

60.     Plaintiff filed an EEOC Complaint on January 21, 2011.

61.     One example of retaliation by DCMPD occurred when, approximately two months after complaining of disparate and discriminatory treatment, Plaintiff was again involuntarily assigned to work an undesirable assignment and directed to work three straight weeks of a undesirable midnight shift, which no other similarly situated Sergeant has been required to work.

62.     Since engaging in protected EEO activity, Plaintiff has been subject to adverse actions and a hostile environment by Defendant, including being repeatedly and regularly assigned to undesirable work assignments, targeted, isolated from the Commander, not advised of training opportunities when requested, unjustly reprimanded, had her deserved performance rating unfairly scrutinized with the intent of getting the rating lowered, and other conduct at issue in this Complaint.

63.     Similarly situated Sergeants (no prior EEO activity) were not subjected to the same adverse treatment or any adverse treatment.

64.     Defendant engaged in reprisal against Plaintiff because she opposed Defendant's discriminatory practices and participated in EEO activity.

65.     The adverse retaliatory actions to which Plaintiff has been subjected are directly a result of Plaintiff having previously engaged in protected EEO activity.

66.     Plaintiff complained to her supervisor and through her chain of command about her discrimination.   Defendant knew, or should have known, of Plaintiff's participation in protected EEO activity before subjecting her to the aforementioned adverse actions.

67.     As a result of Plaintiff being routinely punished more severely than male officers, DCMPD has created a climate of fear and intimidation for Plaintiff and any other employee.

68.     The adverse treatment Plaintiff's Commander was subjecting her to was noticed and commented upon to Plaintiff by her co-workers.

69.     As a result of Plaintiff's open opposition to Defendant's discriminatory treatment to her and other female officers, Plaintiff's Commander routinely humiliated Plaintiff by her adverse treatment and engaged in a persistent pattern of severe or pervasive harassment set forth herein, which created a hostile and offensive workplace.

70.     The adverse treatment that Plaintiff was being subjected to by Defendant was in front of and obvious to her co-workers.

71.     Defendant's unlawful conduct was unwelcomed by Plaintiff.

72.     Defendant is directly liable for the discriminatory acts or omissions of its agents, servants and employees while acting within the course and scope of their employment, under the theory of *Respondeat Superior*.

73.     Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering and the treatment was ongoing based upon Defendant's actions.

74.     Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, all without any negligence being attributed to Plaintiff.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court:

a. Award compensatory damages in excess of Two Hundred Thousand Dollars ($200,000.00);

b. Award of punitive damages in light of the extraordinary circumstances of this case, which includes Defendant's wanton, willful and deliberate discrimination in knowing violation of the federal statutes prohibiting their conduct;

c. Damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct including for loss of promotional potential, reputation, lost of wages, lost job benefits he would have received but for Defendant's unlawful conduct;

d. Award reasonable attorney fees, costs and expenses incurred for this action;

e. Declaratory and injunctive relief;

f. Order the Defendant to institute a policy and procedure to be implemented against discrimination;

g. Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

h. Supervisory training for the supervisors at issue herein; and

i. Such other and further relief as this Court deems just and proper.

<u>Count V</u>
**Equitable Relief**

75.     Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein.

76.     Because of the actions alleged herein, the continued employment of the supervisors at issue herein without training in equal employment opportunity law, rules and

regulations, present clear and present dangers to the employees of Defendant and could result in further illegal actions on the party of Defendant, by and through its agents, servants and employees.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court:

a.   Order the Defendant to institute a policy and procedure to be implemented against discrimination;

b.   Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

c.   Supervisory training for the supervisors at issue herein; and

d.   Such other and further relief as this Court deems just and proper.

## JURY DEMAND

77. Plaintiff demands a trial by jury on all issues set forth herein.

Respectfully submitted,

By:   *donna williams rucker /DBC*

DONNA WILLIAMS RUCKER
(D.C. Bar No. 446713)
RUCKER & ASSOCIATES, P.C.
888 Sixteenth Street, N.W., Suite 800
Washington, DC 20006
Office: (202) 349-9830
Facsimile: (202) 355-1399
Email: drucker@ruckerlawpc.com

April 20, 2012                    Counsel for Plaintiff