## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SABRINA SIMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 12-625 (ESH) |
| | ) | |
| DISTRICT OF COLUMBIA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## JOINT RULE 16.3 MEET AND CONFER STATEMENT

Pursuant to the Court's Order, dated November 20, 2012, Fed. R. Civ. P. 26(f), and LCvR 16.3, counsel for the parties had a teleconference on December 7, 2012 with respect to the matters required by the foregoing authorities.   Donna Williams Rucker participated in the parties' teleconference on behalf of Plaintiff Sabrina Sims, and Martha J. Mullen, Senior Assistant Attorney General, participated on behalf of Defendant District of Columbia.   The parties jointly submit this report setting forth their positions on the matters discussed in the conference.

A.     BRIEF STATEMENT OF THE CASE

This case involves Plaintiff Sabrina Sims' claims of intentional disparate treatment discrimination by her employer in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), 42 U.S.C. § 1981a, and the District of Columbia Human Rights Act, D.C. Code § 2-1401.01, *et seq.* ("DCHRA").

The Defendant District of Columbia denies liability in this case, and denies that Plaintiff is entitled to any relief whatsoever.   The District of Columbia also contends that plaintiff's 42

U.S.C. § 1981a claim is improperly plead because § 1981 does not create a private cause of action against government officials.  In *Jett v. Dallas Independent School District*, 491 U.S. 701 (1989), the Supreme Court held that state actors may not be sued directly under section 1981.

B.    <u>MATTERS DISCUSSED BY THE PARTIES PURSUANT TO LCVR 16.3</u>

1.    *Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.*

<u>Plaintiff</u>:

Plaintiff does not believe that this matter will be resolved by dispositive motion.

<u>Defendant</u>:

The District believes that most if not all claims will be resolved by its dispositive motion.

2.    *The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.*

The parties agree that that all parties be joined or pleadings amended within 30 days after the Initial Scheduling Conference.  At this state of the case, the parties have not agreed to factual or legal issues.

3.    *Whether the case should be assigned to a magistrate judge for all purposes, including trial.*

The parties do not consent to assignment to a magistrate judge for trial**.**  However, they are amenable to having a Magistrate Judge resolve discovery disputes and/or facilitate settlement discussions.

4.    *Whether there is a realistic possibility of settling the case.*

<u>Plaintiff</u>:

Plaintiff believes that this matter could settle.  It is too early to determine whether there is a possibility of settlement.

Defendant:

The District believes that it is too early to determine whether there is a possibility of settlement.

5. *Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.*

Plaintiff:

Plaintiff believes that this case could benefit from the Court's alternative dispute resolution procedures.  Plaintiff's counsel discussed mediation with Plaintiff, and she is open to mediation at any stage of the litigation.

Defendant:

The District does not know whether this case is appropriate for alternative dispute resolution and does not agree at this time to the process.

6. *Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.*

The parties agree that  dispositive motions, if any, should be filed not later than 30 days following the close of discovery; oppositions thereto should be due 30 days after the filing of said dispositive motion; and replies should be due 15 days after filing of oppositions.

7. *Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.*

The parties agree to exchange Rule 26(a)(1) initial disclosures within 30 days after the Initial Conference.

8. *The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.*

The parties propose 120 days from the Initial Scheduling Conference to complete fact discovery and 90 days from the close of fact discovery to complete expert discovery.  The parties also anticipate that protective orders will be required for

personnel records and other information covered by the Privacy Act, and controlling federal and District Law.

<u>Plaintiff</u>:

Plaintiff requests 30 interrogatories per side and 5 non-party depositions per side.

<u>Defendant</u>:

The District requests that each party is limited to 25 interrogatories and 10 depositions.  The District further requests that if plaintiff wishes to designate an expert that it be done no later than 60 days before the close of discovery and that District designate its expert, if any, no later than 45 days from the date of plaintiff's designation.

9.    *Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.*

<u>Plaintiff</u>:

Plaintiff believes that she will use an expert and proposes that any expert disclosures be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), and further proposes that Plaintiff's Rule 26(a)(2) statements be due 45 days before the close of fact discovery and Defendant's Rule 26(a)(2) statements be due 30 days following receipt of Proponent's statements.

<u>Defendant</u>:

The District requests that if plaintiff wishes to designate an expert that it be done no later than 60 days before the close of discovery and that District designate its expert, if any, no later than 45 days from the date of plaintiff's designation.

10.   *In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.*

Not applicable.

11.   *Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.*

<u>Plaintiff</u>:

Plaintiff does not anticipate the need for a bifurcated trial.

<u>Defendant</u>:

The District reserves the right to move for bifurcation should facts learned in discovery so warrant.

12.      *The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).*

The parties agree the date for the Pretrial Conference be set at any post- discovery status conference.

13.      *Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.*

The parties propose that the Trial date be set at the Pretrial Conference.

14.      *Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.*

The parties are not currently aware of any other matters that need to be brought to the Court's attention at this time.

15.      *Preservation of Discovery Information*

The parties have discussed preservation of discoverable information and agree to follow the framework set forth by the local rules of the U.S. District Court for the District of Columbia to resolve any disputes and to govern their conduct with respect to discovery and their preservation and production in discovery.

16.      *Format of Electronically Stored Information*

The parties agree to exchange electronic information in hard copy or in CD format.   Inadvertent disclosure of privileged information shall be returned in accordance with the federal rules and the parties agree that such information shall not used by either party for any purpose in this litigation.

17.    *Resolution of Discovery Disputes*

The parties agree to meet and confer before bringing any discovery disputes to the attention of the Court and would agree to have all discovery disputes resolved by a teleconference with the presiding judge or magistrate judge assigned for that purpose.


Respectfully submitted,


*/s/ Donna Williams Rucker*
DONNA WILLIAMS RUCKER
  (DC Bar No. 446713)
RUCKER & ASSOCIATES, P.C.
888 16th Street, N.W., Suite 800
Washington, DC 20006-4104
Office: (202) 349-9830
Facsimile: (202) 355-1399
Email: drucker@ruckerlawpc.com

*Counsel for Plaintiff Sabrina Sims*


IRVIN B. NATHAN
Attorney General for the
District of Columbia

GEORGE C. VALENTIVE
Deputy Attorney General
Civil Litigation Division

*/s/ Jonathan Pittman*
JONATHAN H. PITTMAN [430388]
Chief, General Litigation Section III


*/s/ Martha J. Mullen*
MARTHA J. MULLEN [419036]
Senior Assistant Attorney General
Office of the Attorney
441 Fourth Street, N.W., Eighth Floor North
Washington, DC 20001
Office: 202-724-6612
Email: Martha.mullen@dc.gov

*Counsel for Defendant District of Columbia*