UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

ESTATE OF ESTHER KLIEMAN, *et al.*, )
)
Plaintiffs, )
)
v. ) Civil Action No. 04-1173 (PLF)
)
PALESTINIAN AUTHORITY, *et al.*, )
)
Defendants. )

---

MEMORANDUM OPINION AND ORDER

This case involves an alleged terrorist attack that took place in March of 2002 in the State of Israel or in territories administered or controlled by the State of Israel. See Estate of Klieman v. Palestinian Auth., 467 F. Supp. 2d 107, 110 (D.D.C. 2006). In 2006, this Court held that it could exercise general personal jurisdiction over defendants Palestinian Authority ("PA") and Palestine Liberation Organization ("PLO"). Id. at 113; see also Memorandum Op. and Order, Dkt. No. 85 (April 24, 2008) (denying defendants' first motion for reconsideration). The defendants have moved for reconsideration of the Court's jurisdictional decisions in light of the Supreme Court's recent decision in Daimler AG v. Bauman, 134 S. Ct. 746 (2014). See Defendants' Second Mot. for Reconsideration, Dkt. No. 233 (Feb. 5, 2014). Plaintiffs oppose the motion.

In their papers, the parties focus on three issues: (1) whether the defendants have sufficient contacts with the United States such that the defendants are essentially "at home" in the United States, and therefore are subject to the general jurisdiction of U.S. courts; (2) whether the defendants have waived personal jurisdiction; and (3) whether specific personal jurisdiction

may be exercised. After reviewing the parties' briefs and various legal authorities, the Court believes that additional briefing on the third issue – plaintiffs' theory of specific personal jurisdiction – would be helpful to the Court.

Specifically, the Court requires clarification on plaintiffs' theory that this lawsuit "is related to or 'arises out of'" defendants' contacts with the United States, as required to exercise specific jurisdiction consistent with constitutional due process. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984) (quoting Shaffer v. Heitner, 433 U.S. 186, 204 (1977)). In their supplemental brief, plaintiffs should explain whether they contend either (*i*) that defendants' contacts with the United States "gave rise to the episode-in-suit," see Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. 2846, 2853 (2011), or (*ii*) that the March 2002 attack was "purposefully directed" at residents of the United States. See Mwani v. bin Laden, 417 F.3d 1, 12 (D.C. Cir. 2005) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985)). If plaintiffs are asserting an alternative theory of specific jurisdiction, plaintiffs should further explain how such theory suffices under the applicable case law.

In addition, plaintiffs should specify what pertinent facts they expect to find if jurisdictional discovery is permitted.

Accordingly, it is hereby

ORDERED that on or before July 11, 2014, plaintiffs shall file a supplemental brief of no more than ten pages addressing these issues; it is

FURTHER ORDERED that on or before July 18, 2014, defendants shall file a memorandum of no more than ten pages responding to plaintiffs' supplemental brief; and it is

FURTHER ORDERED that counsel for the parties shall appear before the Court for oral argument on the defendants' motion on July 24, 2014, at 10 a.m. in Courtroom 29A.

SO ORDERED.

DATE: June 27, 2014

/s/_____
PAUL L. FRIEDMAN
United States District Judge